THE PEOPLE v. JOHN GORDON.

*New trial in criminal cases.*

If a criminal case is taken up on exceptions before sentence, and there is doubt as to the force of the evidence, the accused is not necessarily discharged, but the case may be remanded for new trial.

Exceptions before sentence from the Recorder's Court of Detroit.    Submitted October 23.    Decided October 29.

BURGLARY.    Respondent was found guilty.

Attorney General *Otto Kirchner* for the People confessed error.

*Hawley & Firnane* for respondent.    Where a prisoner is convicted on inconclusive evidence and exceptions are taken before sentence, he should be discharged by the appellate court, since having been entitled to an acquittal on the merits, he ought not to be put in jeopardy again, *State v. Moon*, 41 Wis., 684.

MARSTON, J.    The Attorney General in this case very properly conceded that there was error which would entitle the respondent to a new trial.

On the part of respondent it was urged that on evidence so inconclusive as in this case, no man ought to

be convicted, and that the respondent, therefore, should be discharged on the ground that having once been entitled to an acquittal on the merits, he ought not to be put in jeopardy again.

Without desiring to express any opinion whatever as to the impression produced upon our minds by this testimony, or what in our opinion would be the duty of a jury thereunder, we think the case is not so clear as to authorize this court to order the discharge of the respondent. The case should go back and be submitted to a jury, who under proper instructions can pass upon all the facts, giving to them such weight as they may consider proper.

Under the theory of the defense adopted in this case the court should have permitted full and searching enquiry to be made in reference to any supposed arrangements between the officers and other parties complicated in this transaction.

The exceptions must be sustained and a new trial ordered.

The other Justices concurred.